UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ERIC GOULD, | Case No. 8:19-cv-01090-JGB-JC |
| Plaintiff, | |
| v. | ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| COUNTY OF ORANGE, et al., | [DOCKET NOS. 29, 31] |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the court has reviewed all of the records herein, including the March 4, 2021 Report and Recommendation of a United States Magistrate Judge ("Report and Recommendation"), plaintiff's Objections to the Report and Recommendation, and the County of Orange's Response to the Objections. The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court accepts the findings, conclusions and recommendation of the Magistrate Judge reflected in the Report and Recommendation and overrules the Objections.

IT IS HEREBY ORDERED:

1. The Request for Judicial Notice (Docket No. 31) filed by Defendants the County of Orange and former Orange County Sheriff Sandra Hutchens (collectively "Movants") is granted;

2. The Movants' Motion to Dismiss (Docket No. 29) is granted;

3. Claim Seven of the First Amended Complaint against Superior Court Judge James L. Crandall in his official and individual capacities is dismissed without leave to amend;

4. With regard to plaintiff's Section 1983 claims, the First Amended Complaint's request for punitive damages against the County of Orange, the Orange County Sheriff's Department, Orange County Sheriff Sandra Hutchens, and Orange County Deputy Sheriffs P. Maracine, Pablo Alvarez, David Michael Gwisdalla, Steven Thompson, Skylar R. Matson, Derek Thomas, L. Vecchione, L. Lange, T. Mattheson, M. Freeze, Sergeant Weidenkeller, Captain C. Coppock, Sergeant Jose Walehwa, Thornton, and R. Gilbert in their official capacities is dismissed without leave to amend; and

5. The First Amended Complaint is otherwise dismissed with leave to amend;

6. Within twenty (20) days of the date of this Order, Plaintiff shall do one of the following:

    (a) file a Second Amend Complaint which cures the pleading defects set forth in the Report and Recommendation;[1]

---

[1] Any Second Amended Complaint must: (a) be labeled "Second Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint or First Amended Complaint – i.e., it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each claim for relief "showing that [plaintiff] is entitled to relief" (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" and contain factual allegations in clear short, concise, numbered paragraphs, each

(b) file a Notice of Dismissal which will result in the voluntary dismissal of this action without prejudice; or

(c) file a Notice of Intent to Stand on First Amended Complaint, indicating Plaintiff's intent to stand on the First Amended Complaint despite the pleading defects described in the Report and Recommendation, which may result in the dismissal of this action in its entirety based upon such defects.

**Plaintiff is cautioned that his failure timely to file a Second Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Second Amended Complaint may be deemed his admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth in the Report and Recommendation, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with this Order.**

IT IS FURTHER ORDERED that the Clerk serve copies of this Order on Plaintiff and counsel for Defendants.

IT IS SO ORDERED

DATED: June 2, 2021

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

---

"limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 8(d)(1), 10(b)); (e) set forth clearly the sequence of events giving rise to the claim(s) for relief; (f) reflect which claims are brought against which defendant(s) in which capacity and allege specifically what each defendant did and how that individual's conduct specifically violated plaintiff's civil rights; (g) not add defendants or claims that are not related to the claims asserted in the original Complaint or First Amended Complaint; and (h) name all parties in the caption/title (Fed. R. Civ. P. 10(a)).