1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STEVEN ERIC GOULD, | Case No. 8:19-cv-01090-JGB-JC |
|---|---|
| Plaintiff, | |
| v. | |
| COUNTY OF ORANGE, et al., | ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| Defendants. | [DOCKET NO. 65] |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative Third Amended Complaint (alternatively, "TAC"), the parties' submissions in connection with the Motion to Dismiss the Third Amended Complaint, and all of the records herein, including the September 9, 2023 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation") and Plaintiff's Objections to the Report and Recommendations ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court overrules the Objections, and agrees with, approves, accepts and adopts the Report and Recommendation.

///

///

///

Plaintiff's Objections are largely frivolous. He insists, for example, that he is not an inmate and is instead an undercover police officer who is also entitled to diplomatic immunity. (See Objections at 1-3, 5, 7-8). Plaintiff asserts that these facts have been established and verified in two pending cases that he filed in the U.S. District Court for the District of Nevada – respectively, a civil rights action regarding Plaintiff's current conditions of confinement in Nevada state prison, see Gould v. Zuniga, et al., Case No. 2:22-cv-10600-GMN-BNW, and a federal habeas corpus action in which Plaintiff seeks relief from his 2021 criminal conviction in Nevada state court, see Gould v. Reubart, et al., Case No. 2:22-cv-1755-GMN-EJY. Plaintiff asks the Court to take judicial notice of these "facts," and contends that the Report and Recommendation should be denied or stricken for failing to acknowledge these "facts" and erroneously applying the Prison Litigation Reform Act of 1995 ("PLRA") when Plaintiff assertedly is not a prisoner. (See Objections at 3-5, 7-10). Plaintiff also requests that all filings in this case be sealed due to the purportedly "sensitive nature of this case." (See Objections at 1, 6-7, 10).

Plaintiff's asserted "facts" in the Objections are baseless and wholly implausible. There is nothing in Plaintiff's District of Nevada cases to substantiate that he is an uncover officer or is entitled to diplomatic immunity. Moreover, notwithstanding Plaintiff's contention that he is being unlawfully confined in Nevada state prison (see Objections at 4), he is indisputably a state prisoner and is therefore properly subject to the PLRA.[1] The merits of Plaintiff's conviction and

---

[1] As noted in the Report and Recommendation, Plaintiff was convicted on April 30, 2021, in Clark County District Court Case No. C-17-324819-3, and sentenced to twenty-five years to life in prison, and the Nevada Supreme Court affirmed the conviction on October 11, 2022. See Gould v. Nevada, 518 P.3d 482 (Nev. 2022). As noted above, Plaintiff is currently seeking federal habeas corpus relief from that conviction and sentence which he is now serving in Nevada state prison. See Case No. 2:22-cv-1755-GMN-EJY (D. Nev.). The Court has taken judicial notice of these public court records. See Fed. R. Evid. 201; Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014); Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir.
(continued...)

sentence cannot be contested in this civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff also has not identified any plausibly confidential information in this case which might warrant sealing or redacting any filings.

In addition, Plaintiff contends that this case should be stayed pending resolution of his federal habeas action in the District of Nevada, after which he intends to add a claim against the State of Nevada for its allegedly "direct involvement [in] and/or causal connection to" the arrest and detainment at issue in this case. (See Objections at 1, 6-7, 10). However, as the Magistrate Judge correctly determined, Plaintiff's challenge to the lawfulness of that arrest, in Claim One of the Third Amended Complaint, is barred by Heck v. Humphrey, 512 U.S. 477 (1994), as Plaintiff's subsequent conviction in Nevada has not been invalidated in any respect. As Heck makes clear, a Section 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489-90. A stay of this action is therefore unwarranted.

Plaintiff has failed to establish any error in the Magistrate Judge's Report and Recommendation. Accordingly, as indicated above, the Court overrules the Objections, and agrees with, approves, accepts and adopts the Report and Recommendation.

///

///

---

[1](...continued)
2012). In addition, a search of online inmate records of the Nevada Department of Corrections reveals that Steven Gould, with ID number 1249076, is currently an inmate. See https://ofdsearch.doc.nv.gov/ (last visited October 17, 2023). Indeed, Plaintiff's current address with the Court is the location of Ely State Prison in Ely, Nevada.

IT IS HEREBY ORDERED:

1. the Motion to Dismiss (Docket No. 65) filed by Defendants the County of Orange ("County") and former Orange County Sheriff Sandra Hutchens (collectively, "Movants") is granted in part and denied in part;

2. the following claims/predicates of the Third Amended Complaint are dismissed without leave to amend:
   (a) any claim predicated on an asserted violation of the Foreign Sovereign Immunities Act of 1976 or plaintiff's asserted status as "an accredited and recognized Agent and Representative of a Foreign Sovereign-State-In-Fact";
   (b) Claim One;
   (c) the ADA predicate as against Sheriff Hutchens and Deputy Gilbert in Claim Five;
   (d) the ADA predicate as against all Defendants named in Claim Six;
   (e) the ADA predicate as against Sheriff Hutchens and Captain Coppock in Claim Seven;
   (f) Claim Eight; and
   (g) Claim Nine;

3. The following claims/predicates of the Third Amended Complaint are dismissed with leave to amend;
   (a) Claim Three as against the Movants;
   (b) Claim Four as against the Movants;
   (c) the Fourteenth Amendment excessive force predicate against all Defendants named in Claim Five and the ADA predicate against the County in Claim Five; and

///

  (d)  the First Amendment retaliation predicate against all Defendants named in Claim Seven;

4. Within twenty (20) days of the date of this Order, Plaintiff shall do one of the following:

  (a)  if Plaintiff wishes to proceed with the claims that have been dismissed with leave to amend and is able to cure the pleading defects therein that have been identified in this Report and Recommendation, Plaintiff shall file a Fourth Amended Complaint;[2]

  (b)  if Plaintiff no longer wishes to proceed with this action, Plaintiff shall file a Notice of Dismissal which will result in the voluntary dismissal of this action without prejudice; or

  (c)  if Plaintiff wishes to proceed solely with the remaining claims that have not been dismissed (Claim Two (as against all Defendants named therein); Claim Three as against Deputy Maracine; Claim Four as against Deputies Weidenkeller and Thornton; the First Amendment Free Exercise Clause predicate for Claim Six (as against all Defendants named therein); the

---

[2]Any Fourth Amended Complaint must: (a) be labeled "Fourth Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint, the First Amended Complaint, the Second Amended Complaint, or the Third Amended Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each claim for relief "showing that [plaintiff] is entitled to relief" (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" and contain factual allegations in clear short, concise, numbered paragraphs, each "limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 8(d)(1), 10(b)); (e) set forth clearly the sequence of events giving rise to the claim(s) for relief; (f) reflect which claims are brought against which defendant(s) in which capacity and allege specifically what each defendant did and how that individual's conduct specifically violated plaintiff's civil rights; (g) not add defendants or claims that are not related to the claims asserted in the Third Amended Complaint and not reassert claims that have been dismissed without leave to amend; and (h) name all parties in the caption/title (Fed. R. Civ. P. 10(a)).

|   |   |
|---|---|
|   | ADA predicate for Claim Seven (as against the County); and the Fourteenth Amendment conditions of confinement predicate for claim Seven (as against all defendants named therein), Plaintiff shall file a Notice of Intent to Proceed Solely on Remaining Claims in Third Amended Complaint, indicating that Plaintiff intends to proceed solely on the foregoing remaining claims/predicates; |
| 5. | **Plaintiff is cautioned that his failure timely to file a Fourth Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Remaining Claims/Predicates in Third Amended Complaint may be deemed his admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth in the Report and Recommendation, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with this Order.** |
| 6. | If Plaintiff files a Notice of Intent to Proceed Solely on Remaining Claims/Predicates in Third Amended Complaint, Defendants shall file an Answer within fourteen (14) days of the date they are served with the same. |

IT IS FURTHER ORDERED that the Clerk serve copies of this Order on Plaintiff and counsel for Defendants.

IT IS SO ORDERED

DATED: October 31, 2023

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE